UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 4:04-CR-00253 |
| Plaintiff, | ) | |
| | ) | Judge Ann Aldrich |
| v. | ) | |
| | ) | |
| MOISES GARCIA, | ) | |
| | ) | |
| Defendant. | ) | MEMORANDUM & ORDER |
| | ) | |
| | ) | |

Plaintiff United States of America (the "Government") moves to oppose any further sentencing reduction [Docket No. 186] concerning the sentence of defendant Moises Garcia ("Garcia"). For the following reasons, the court denies the Government's motion, orders a two (2) level downward departure in Garcia's offense level, and amends Garcia's sentence to a term of 63 months imprisonment.

On June 20, 2005, the court sentenced Garcia to a term of 78 months imprisonment upon his plea of guilty to count one of the indictment, based upon a Guideline range of 78 to 97 months as a result of Garcia's criminal history category I and 28 point offense level. At the sentencing hearing, the court noted that Garcia's counsel had requested an additional two point downward departure, pursuant to USSG § 5K2.0, because Garcia had agreed not to contest his deportation following the completion of his sentence. Juan Herrera, one of Garcia's co-defendants, received exactly the same two point downward departure for agreeing not to contest deportation as part of a plea agreement with the Government. The Government objected to a further downward departure for Garcia because at that time Garcia had not waived his right to a hearing contesting his deportation, stipulated to deportation, and waived appeal rights to deportation, and Garcia had not entered into a

plea agreement. The court noted its willingness to further reduce Garcia's offense level if he submitted paperwork establishing his waiver of any challenge to his eventual deportation.

Garcia has now executed notarized documents in both English and Spanish waiving his right to a hearing before this court, an immigration judge, or any other authority on the question of his removability from the United States as a result of his plea of guilty in this case [Docket No. 190, Ex. A]. Specifically, Garcia waives his right to examine or present evidence or to cross-examine witness presented by the Government in seeking his deportation. Garcia has also stipulated to deportation, resulting in immediate removal from the United States upon completion of his term of incarceration, and has waived his right to appeal, reopen or challenge his deportation/removal in any way. The court, noting the Government's objection, denies the Government's motion in opposition to further downward departure [Docket No. 186].

As Garcia has now waived any right to challenge his deportation, pursuant to USSG § 5K2.0 and 18 U.S.C. §§ 3553(a)(6), (b)(1), the court hereby grants an additional two point downward departure, resulting in a net offense level of 26 points. The court finds that the value of the right to challenge deportation that Garcia is surrendering is sufficient to justify a two point downward departure under 18 U.S.C. § 3553(b)(1) and USSG § 5K2.0. The court also finds that because Juan Herrera received precisely the same downward departure for giving up precisely the same rights Garcia now waives, 18 U.S.C. § 3553(a)(6)'s command to treat similarly situated defendants similarly also justifies the two point downward departure.

Combining Garcia's new net offense level of 26 points with his criminal history category I leaves a guideline range of 63 to 78 months imprisonment. The court therefore sentences Garcia to a term of 63 months imprisonment, and accordingly amends the June 21, 2005 judgment and

commitment [Docket No. 185, p. 2].

      IT IS SO ORDERED.

                                            /s/Ann Aldrich
                                            ANN ALDRICH
                                            UNITED STATES DISTRICT JUDGE

**Dated: January 26, 2007**