UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 1:04-CR-00253-2 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE ANN ALDRICH |
| ) | |
| MOISES GARCIA, ) | |
| ) | |
| Defendant. ) | |
| ) | MEMORANDUM AND ORDER |
| ) | |
| ) | |

On June 21, 2005 this court sentenced Moises Garcia to sixty-three months' incarceration, to be followed by three years of supervised release. Upon appeal by the government, the circuit court remanded the case for re-sentencing, citing, *inter alia,* procedural deficiencies involving the absence of a reasoned 3553(a) factor analysis in its sentencing memorandum. Because Garcia was removed to Mexico in December 2008 and his presence cannot be secured at this time, the court has limited options in complying with the circuit court's order. These options are discussed in this memorandum.

The first, and perhaps most preferable option, is for the court to do nothing until Garcia's presence can be secured. The Confrontation Clause of the Sixth Amendment requires that a defendant "be present in the courtroom at every stage of his trial." *Illinois v. Allen,* 397 U.S. 337, 338 (1970). The defendant's right to be present "extends to the imposition of sentence". *Mayfield v. United States,* 504 F.2d 888, 889 (10th Cir. 1974). In *Mayfield*, the court held that the defendant had not only a right to be present at the sentencing, but that his presence was required at the resentencing. *Id.* Furthermore, Rule 43(a) of the Federal Rules of Criminal Procedure specifies that the defendant must be present at the

sentencing, except as otherwise provided by the rule. Fed.R.Crim.P. 43(a). None of the exceptions to 43(a) seem to apply to Garcia's case. Additionally, this option rests on Garcia's return to the United States, which he is barred from doing legally. If Garcia does return to the United States on his own, he would be subject to arrest, which would likely be the only way the court could secure his presence for a new hearing.

Alternatively, the court could re-sentence Garcia to 63 months' imprisonment *in absentia,* emphasizing the harmless error standard of Rule 52(a) of the Federal Rule of Criminal Procedure, specifically that Garcia's absence would not prejudice him because in re-sentencing Garcia to the original 63-month term, the court is simply complying with the Sixth Circuit's mandate to correct the "procedural deficiencies" present in the original sentencing memorandum by performing a 3553(a) factor analysis clearly defining the court's rationale in determining Garcia's sentence. If the court decides to pursue this option, it must determine beyond a reasonable doubt that Garcia is not prejudiced by his absence. *See Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824 (1967), *United States v. Akipo*, 944 F.2d 206, 209 (5th Cir. 1991). However, given the circuit court's mandate for a new sentencing hearing, it is unclear whether this option could in fact be taken without Garcia's presence, even though his position in regard to imprisonment would essentially be the same. If the court were to adopt this option, it is likely that the only step this court could take would be to offer a reasoned explanation for the 63-month term based on the 3553(a) factor analysis, thus addressing at least one of the irregularities which the Sixth Circuit cited.

In light of the above, this court will take no further action until either Garcia's presence is secured, or either of the parties files a new motion.

IT IS SO ORDERED.

                                      */s/Ann Aldrich*
                                      ANN ALDRICH
                                      UNITED STATES DISTRICT JUDGE

**Dated: August 10, 2009**